JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2529 JGB (SPx)** | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Adilene Martinez-Graciano v. JRA Trademark Company, Ltd. et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 9); (2) DISCHARGING the Order to Show Cause (Dkt. No. 10); and (3) VACATING the March 3, 2025 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by Plaintiff Adilene Graciano-Martinez. ("Motion," Dkt. No. 9-1.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. In light of the Court's finding it lacks jurisdiction, it **DISCHARGES** its Order to Show Cause as moot. The Court **VACATES** the hearing set for March 3, 2025.

## I. BACKGROUND

### A. Procedural History

On September 17, 2024, Plaintiff Adilene Graciano-Martinez[1] ("Plaintiff") filed a putative class action complaint in the Superior Court of California for the County of Riverside against defendant JRA Trademark Company, Ltd., ("Defendant" or "JRA") and John Does 1 through 10. ("Complaint," Dkt. No. 11.) The Complaint alleges two causes of action: violation of California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). (Id.

---

[1] Plaintiff indicates her name is correctly spelled as Adilene Graciano-Martinez although the case caption still reads Adilene Martinez-Graciano. (Dkt. No. 9 at 1 n.1.)

¶¶ 54–74.) Plaintiff seeks the equitable remedies of restitution and public injunctive relief. (Id. ¶¶ 65–66, 73–74.)

On November 26, 2024, Defendant removed the action pursuant to the Court's diversity jurisdiction. ("NOR," Dkt. No. 1.) On December 10, 2024, Plaintiff filed this Motion to Remand. (See Motion.) Defendant opposed the Motion on December 23, 2024. ("Opposition," Dkt. No. 14.) On December 26, 2024, Plaintiff filed a reply. ("Reply," Dkt. No. 15.)

On December 12, 2024, the Court also filed an Order to Show Cause regarding the Court's removal jurisdiction. ("OSC," Dkt. No. 10.) Defendant responded on December 20, 2024. ("OSC Response," Dkt. No. 12.)

### B. Plaintiff's Allegations

Plaintiff alleges Defendant engaged in "a false and misleading price scheme" known as "false-reference" pricing. (Compl. ¶¶ 12, 26.) Under this scheme, Defendant, the domestic licensee of the U.S. Polo Assn. brand, lists products at a price advertised at a "sale" price, but in reality, the products are always available for that price, so not "on sale." (Id. ¶¶ 12-26.) By advertising the "retail" price as higher than the "sale" price, Defendant misleads consumers into "believing they are getting bargains when they are not." (Id. ¶ 26.) Plaintiff alleges she bought a pair of pants ticketed at $60 advertised as on sale for $29.99, and a polo shirt ticketed at $40, and on sale for $6.99, leading her to think she saved $53.02, when the products were never available for sale at the advertised retail price. (Id. ¶¶ 40–42.) Plaintiff brings her case as a putative class action under California law representing other consumers induced to purchase by Defendant's false-reference pricing. (Id. ¶¶ 44–53.) Plaintiff's first cause of action is under California's UCL and requests "restitution to the extent of Defendants' unjust enrichment as a result of the scheme, or such other amount as the Court may find equitable" and "public injunctive relief enjoining Defendants' use of their unlawful, unfair, and fraudulent false reference pricing scheme in California in the future." (Id. ¶¶ 65-66.) Plaintiff's second cause of action under California's FAL requests the same relief. (Id. ¶¶ 73–74.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014).

Under CAFA, a district court has diversity jurisdiction over any class action involving at least 100 class members in which there is minimal diversity—that is, any one plaintiff is a citizen of a different state than any one defendant—and the amount in controversy exceeds five million dollars. See 28 U.S.C. §§ 1332(d)(2), (5). There is no anti-removal presumption in cases removed pursuant to CAFA. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant") (citations and quotations omitted). However, the proponent of removal still has the burden of establishing that the action is removable. See Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (holding that "CAFA did not shift to the plaintiff the burden of establishing that there is no removal jurisdiction in federal court").

### III.   DISCUSSION

Plaintiff moves to remand on the grounds that this Court does not have equitable jurisdiction over Plaintiff's claims for injunctive and equitable relief under the UCL and FAL. (Motion at 3–5.) Defendant opposes, agreeing that though the Court does not have jurisdiction over Plaintiff's claims for equitable restitution, Plaintiff's claim for injunctive relief alone creates standing. (See Opp'n at 6.)

Equitable jurisdiction, much like subject matter jurisdiction, is a limitation on federal courts. See Schlesinger v. Councilman, 420 U.S. 738, 754 (1975). Equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." Id. Although equitable jurisdiction is distinct from subject matter jurisdiction, both are "antecedent to hearing a claim on the merits." Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021). Therefore, whenever a federal court is presented with an equitable claim, it must first determine whether it possesses equitable jurisdiction before it can address the merits. See Guzman v. Polaris Indus., 49 F.4th 1308, 1314 (9th Cir. 2022).

The parties agree that the Court lacks jurisdiction over Plaintiff's claims for equitable restitution, so the Court will not belabor its analysis on that point. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020); Guthrie, 561 F. Supp. 3d 869; Clevenger v. Welch Foods Inc., 2023 WL 2390630, at *3 (C.D. Cal. Mar. 7, 2023).

Turning, then, to the question of injunctive relief, the Court finds it lacks jurisdiction over Plaintiff's claims for injunctive relief. Plaintiff argues though she seeks an injunction, she lacks standing to seek such relief in federal court, because unlike in state court, where past injury is sufficient to establish standing for injunctive relief, federal courts require allegations of future injury to seek injunctive relief. (Motion at 3–4.) Defendant argues she did allege a future harm. (Opp'n at 3–6.)

To demonstrate Article III standing, a plaintiff must establish (1) that she has suffered an injury in fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her

injury would likely be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). To have standing to bring a claim for injunctive relief, a plaintiff must plead a "threat of injury [that is] actual and imminent, not conjectural or hypothetical." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (quoting Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). Past wrongs, by themselves, are insufficient to establish standing for injunctive relief. See id. Rather, the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

Plaintiff does not plead that she faces an "actual and imminent" threat of injury. Davidson, 889 F.3d at 967. She alleges she would not have purchased the clothes that caused her past harm, that is, she was deceived in the past. (Compl. ¶ 43.) But she does not allege that she plans to purchase from the US Polo Assn. brand again. (See generally Compl.)

Defendant attempts to twist Plaintiff's complaint on the chain of assumptions that because Graciano "likely buys clothes on a semi regular basis" and "has purchased US Polo Assn. clothes," it "leads to the likely scenario that Graciano may purchase US Polo Assn. clothes in the future." (Motion at 5.) But Defendant cannot make Plaintiff's complaint say something it does not—an allegation of future harm. In Davidson, each path the Ninth Circuit lays out to establish standing in federal court relies on Plaintiff making a "plausible allegation" of future harm. 889 F.3d at 969–70; In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II), No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase [defendant's product] in the future, [plaintiffs] do not have standing to pursue injunctive relief."); Rogoff v. Transamerica Life Ins. Co., 2024 WL 5010642, at *3–*4 (C.D. Cal. Dec. 6, 2024). If Plaintiff chooses not to allege as much, neither the Defendant nor the Court can fabricate standing on its own. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025). The Court lacks jurisdiction over both of Plaintiff's claims, and so must remand to state court.

Defendant's Notice is also technically defective. Under CAFA, "a removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" LaCross v. Knight Transp. Inc., 775 F.3d 1200 (9th Cir. 2015) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 90 (2014)). Here, Defendant's Notice of Removal contains no such allegation because it attempts to remove under the general removal statute, not CAFA. (NoR at 2.) It only alleges that the amount in controversy "is likely in excess of the statutory requirement of $75,000," not CAFA's requirement of $5 million. (Id.) Defendant attempts to escape this in their response to the Court's Order to Show Cause, but they cannot escape the plain language of their Notice of Removal. (Response at 2.) Defendant provides no authority to show they can switch removal theories from what is alleged in their Notice of Removal. (Id.) Defendant's allegations are insufficient to establish removal is proper under CAFA. Defendant's Notice also suffered from other technical defects. As the Court pointed out in its OSC, Defendant did not include a copy of the complaint in its Notice. For these reasons, and those above, the Court remands the case to state court.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion (Dkt. No. 9) and **REMANDS** this action to the California Superior Court for the County of Riverside. The Court discharges its Order to Show Cause. (Dkt No. 10.) The Court **VACATES** the March 3, 2025 hearing.

**IT IS SO ORDERED.**